UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-150-HRW

DONNA COX,                                                                                       PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on January 21, 2004, alleging disability beginning on September 30, 2003, due to neck pain, headaches, knots on both knees, low back pain, chronic fatigue syndrome and fibromyalgia. This application was denied initially and on reconsideration. On May 3, 2005, an administrative hearing was conducted by

Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 246-259). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 259-264).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 20, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11- 20).

Plaintiff was 43 years old at the time of the hearing decision (Tr. 12). She has a high school education (Tr. 12). Her past relevant work experience consists of work as a secretary, word processor, singer and clerk (Tr. 12).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19). The ALJ then determined, at Step 2, that Plaintiff suffered from chronic cervical spine strain and migraine headaches, which he found to be "severe" within the meaning of the Regulations (Tr. 19). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 19) but determined that she has the residual functional capacity to perform light work with the following limitations: she can only occasionally climb, stoop, crawl; she can never subject her body to concentrated vibration and she is limited to short, simply instructions (Tr. 19).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform jobs such as office clerk, inspector and surveillance monitor (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 1, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5] and this matter is ripe for decision.

### III.  ANALYSIS

**A.     Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to accord controlling weight to the opinion of her treating physician, Dr. Paul Lewis; (2) the ALJ failed to find her fibromyalgia to be a "severe" impairment; and (3) the ALJ's hypothetical to the VE did not accurately reflect her impairments.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to accord controlling weight to the opinion of her treating physician, Dr. Paul Lewis.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by

sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The record shows that on November 24, 2003 and on July 31, 2004, Dr. Lewis completed Medical Assessment Forms of Ability to do Work-Related Activities (Physical) wherein he indicated that Plaintiff had an RFC for less than a full range of sedentary work (Tr. 126-128 and 219-220).  However, as the ALJ found, these assessments were not supported by objected clinical findings.  Dr. Lewis' own records contain very few objective findings and appear to be based primarily on Plaintiff's subjective complaints.

Moreover, the record is replete with contradictory findings from other physicians.  For example, Dr. Matthew Samuels, a rheumatologist to whom Plaintff was referred by Dr. Lewis, found that Plaintiff had no active synovitis or limitation of motion or effusion in her upper extremities (Tr. 215).  Although Dr. Samuel's examination did reveal tenderness of the soine in the lumboscaral area with positive straight leg raising test, joint examination in the lower extremetes revealed no active synovitis and the motor, sensory and reflexive examination was normal (Tr. 215).  Dr. Sameuls found some suggestion of fibromyalgia but reported that Plaintff was symptomatically beter on medicvation (Tr. 215).  Dr. Samuel's findings do not support Dr. Lewis' opinion of severe limitation.  Nor do the assessments of Dr. P. Saranga or Dr. C. Hernadez (Tr. 154-161, 209-214).

Further, Dr. Rita Ratliff found that Plaintiff had a full range of motion of all joints in the upper extremities, could use her hands for fine and gross manipulations without difficulty and was in no acute distress (Tr. 151-152).

Given the evidence of record, the Court finds that the ALJ properly weighed the opinion of Dr. Lewis.

Plaintiff's second claim of error is that the ALJ failed to find her fibromyalgia to be a "severe" impairment.  The Court is mindful that the burden is upon the Plaintiff with regard to this issue.  The Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation".  *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

The Plaintiff seems to argue that her diagnosis of fibromyalgia is tantamount to a finding that it is "severe."  However, the mere diagnosis of a condition says nothing about is severity. *Higgs*, 880 F.2d at 863.  The pertinent inquiry is whether or not the condition is **disabling**.  In this case, there is no objective evidence in the record that her condition is disabling in that it affects her ability to do perform

work-related activities. Indeed, her symptoms appear to be controlled by controlled by medication (Tr. 215).

As for Plaintiff's contention that the ALJ's hypothetical to the VE did not accurately reflect her impairments, there is no indication in the record that she suffers from impairments beyond those included by the ALJ in his hypothetical. The Court finds this contention to be without merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 23, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge